IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL DWAYNE HALL, | No. 2:13-cv-1890-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| DEUEL VOCATIONAL INSTITUTION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  See id.  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are vague and it is unclear exactly what his claims are against the defendants.  It appears his main complaint is that he received a hormone shot instead of a shot for Hepatitis C and D prevention as he was told he was receiving.  As a result of the hormones, plaintiff alleges his body has gone through numerous changes and he is not gaining weight.  As a result of the body changes, he is being accused of being homosexual, and is experiencing increase risk due to those slanderous accusations.

## II. DISCUSSION

Upon review of the complaint and the court's docket, it appears this action is substantively identical to another case currently pending in this court that plaintiff filed on April 17, 2013, Hall v. Deuel Vocational Institution, 2:13-cv-0746-DAD.  In both cases, plaintiff

alleges he received this hormone shot instead of the Hepatitis C and D prevention.  The defendants named in both cases are substantially identical, and the relief plaintiff requests, compensatory and punitive damages, are also substantially identical.  Finally, the undersigned notes that plaintiff has filed an amended complaint in his other case, 2:13-cv-0746-DAD, which is identical to the complaint filed in this action.  It appears that perhaps plaintiff's intention was to file an amended complaint in his first case, but his failure to include a case number on his complaint failed to alert the Clerk's office that it was to be filed in his pending action.  Regardless, the undersigned finds that this action should be dismissed as duplicative of <u>Hall v. Deuel Vocational Institution</u>, 2:13-cv-0746-DAD.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed as duplicative of <u>Hall v. Deuel Vocational Institution</u>, 2:13-cv-0746-DAD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 16, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE